IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDDIE A. CHURCH, SR.,**

    **Plaintiff,**

  vs.                                                    Civil Action 2:09-CV-009
                                                                Judge Frost
                                                                Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

    **Defendant.**

## OPINION AND ORDER

        Plaintiff brings this action seeking review of the denial by the Commissioner of Social Security of plaintiff's application for supplemental security income. On January 29, 2010, the United States Magistrate Judge issued a *Report and Recommendation,* recommending that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation,* Doc. No. 12. This matter is now before the Court on plaintiff's objection to that *Report and Recommendation,* which the Court will consider *de novo. See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

        The single dispositive issue in this case is whether plaintiff's cognitive disability satisfies Listing 12.05C, which addresses "mental retardation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05C. The Commissioner found that plaintiff was not disabledbecause his mental impairment was properly characterized, not as mental retardation, but as borderline intellectual functioning. The Magistrate Judge concluded that this administrative decision is supported by substantial evidence and recommended that the Commissioner's decision be affirmed.

Disability based on mental retardation requires, initially, evidence that the claimant suffers from "significantly sub-average general intellectual functioning" and from "deficits in adaptive functioning" that were initially manifested during the developmental period, (*i.e.,* before age 22). Listing 12.05. The condition reaches listing level severity where, *inter alia,* the record also reflects a valid I.Q. score between 60 and 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function. Listing 12.05C; *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Plaintiff, who also suffers from epilepsy, claims that his low cognitive functioning satisfies Listing 12.05C.

Plaintiff testified at the administrative hearing that he quit school in the tenth grade and that his grades were D's and F's in special education classes. *A.R.* 728. An I.Q. test administered while plaintiff was in junior high school resulted in a performance I.Q. score of 68, which was interpreted as placing him in the "Defective Range." *A.R.* 240. Plaintiff, who was 13 years of age at the time, also had a vocabulary of a 7-year old. *Id.* Plaintiff was placed in special education classes. *A.R.* 240-41. Another I.Q. test was administered when plaintiff was 41 years of age and resulted in a verbal I.Q. score of 68 and a full scale I.Q. score of 69. *A.R.* 312. Plaintiff achieved a second grade reading score.

However, the consultative psychological evaluator who administered the most recent test diagnosed borderline intellectual functioning notwithstanding I.Q. scores that placed plaintiff in the mild mental retardation range of intelligence. *A.R.* 312. A state agency physician who reviewed the record concluded that, because plaintiff is functioning in the borderline range, he did not satisfy the Listing for

2

mental retardation.  *A.R.* 317.

   The Court agrees that plaintiff has not met Listing 12.05C. The Court bases this conclusion -- not on the fact that there has been no formal diagnosis of mental retardation -- but on the fact that the evidence of record does not establish the condition as defined by the Listing.  Specifically, there is no evidence that plaintiff suffered from deficits in adaptive functioning prior to age 22, as required by the Listing, apart from poor academic performance.  Plaintiff can read "[s]ome," *A.R.* 702, obtained a driver's license, *A.R.* 701, and lives with his fiancée and their minor child.  *Id.*  He has been unable to work, not because of his low cognitive functioning, but because of his seizure disorder: "[E]very time I put on the application I had seizures, nobody would call me."  *A.R.* 704.

   Adaptive functioning refers to how "effectively individuals cope with common life demands and how well they meet the standard of personal independence expected of someone in their particular age group, sociocultural background and community setting."  *Diagnostic and Statistical Manual of Mental Disorders* (2000), at p.42.  A diagnosis of mental retardation requires concurrent deficits or impairments in present adaptive functioning in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health and safety.  *Id.*, at p.49.  Although the record reflects deficits in plaintiff's functional academic skills, dating to his school years and developmental period, the record contains no other evidence of any deficit in adaptive functioning.  Indeed, plaintiff apparently functioned well in the school environment apart from his academic

difficulties.  *See, e.g., A.R.* 138.[1]

The record in this action differs significantly from another decision by this Court, and upon which plaintiff relies in her objections.  *Marilyn K. Church v. Michael J. Astrue*, 2:08-CV-510 (S.D. Ohio September 28, 2009).  In that case, the plaintiff's high school records affirmatively documented deficits in the areas of functional academic skills, communication, socialization and daily living.  *See id., Report and Recommendation,* Doc. No. 13, p.2.  In the case presently before the Court, in contrast, the administrative law judge found that the record did not demonstrate that plaintiff met Listing 12.05C:

> Despite these low I.Q. scores, psychologist Spindler diagnosed borderline intellectual function (rather than mental retardation).  It was observed the claimant appeared to function at a borderline range.  He had a history of schooling in a learning disability program but he appeared to have adequate knowledge and judgment for daily living.  The claimant's testimony indicated that he had a driver's license and drove until his driver's license was suspended due to seizure-related issues.  He appears to depend on his fiancée to do most of the chores around the house, but there is no credible evidence that this arrangement is based on the claimant's lack of sufficient cognitive resources.  Thus, the record establishes the diagnosis of borderline intellectual functioning, which is severe as it would restrict the claimant from carrying out complex or detailed instructions.  However, a diagnosis of mental retardation is not established.

*A.R.* 30-31.

This Court agrees with the *Report and Recommendation* that the conclusion of the administrative law judge enjoys substantial support in the record.  The decision of the Commissioner must, under these circumstances, be affirmed.

---

[1]This exhibit appears to be a letter from plaintiff's principal to plaintiff's mother, in which plaintiff is characterized as "a fine boy and is looked upon by our cafeteria supervisor as the best worker we have."  *A.R.* 138.

Plaintiff's objections to the *Report and Recommendation,* Doc. No. 13, are **DENIED**. The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

      /s/ Gregory L. Frost
         Gregory L. Frost
  United States District Judge